**Chester L. EDGERTON, Appellant,**

v.

**STATE OF NORTH CAROLINA, Appellee.**

No. 8749.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 21, 1963.

Decided March 14, 1963.

Ronald P. Wertheim, Philadelphia, Pa. (Court-assigned counsel), (Daniel J. Meador, Charlottesville, Va., on brief), for appellant.

Harry W. McGalliard, Asst. Atty. Gen. of North Carolina (T. W. Bruton, Atty. Gen. of North Carolina, on brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.

**J. SPENCER BELL, Circuit Judge.**

The petitioner's application for a writ of habeas corpus was denied by the District Court without a plenary hearing and without requiring the State of North Carolina to file a response. This court granted leave to appeal in forma pauperis, issued a certificate of probable cause, and appointed counsel.

The District Court did, however, consider the allegations of the writ in the light of all the records of the state court proceedings relevant to a review of the federal constitutional questions in reaching its decision to deny the writ. These records are before us.

Thus the question before this court is: Does the petition allege facts which constitute a denial of petitioner's constitutional rights and which are not patently frivolous or false when considered against the record which the District Court had before it? Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956). We think it does.

The petitioner alleges that he was arrested on November 19, 1957, on a warrant charging two capital offenses: burglary in the first degree, and rape; that he remained in jail without knowledge of the charges against him and without legal advice or assistance until January 14, 1958; that on January 13, 1958, the grand jury indicted him for these two offenses; that on January 14, 1958, counsel was appointed by the court at his arraignment; that on this same day his court appointed counsel approached him with a previously prepared plea of guilty to the burglary charge and urged him to sign the same in order to save his life; that he refused to sign that day, and upon his plea of not guilty his case was postponed until the next term of court; that his counsel continued to urge him to plead guilty to the burglary charge because they had obtained an agreement from the solicitor to a life sentence if he pleaded guilty. Whereupon on January 15, 1958, "relying wholly upon the loyalty and integrity of his counsel and in fear of his life and not because he was guilty", he changed his plea. On that same day the court sentenced him to jail for life, and the charge of rape was dropped.

The petition further alleges that he had been intimate on many occasions with the prosecuting witness, who swore (presumably before the grand jury) that he had been to her house only once. The petition concludes with a list of witnesses who can prove his innocence and requests a hearing.

We first examine the factual allegations of the petition against the records which were before the District Court to ascertain if they are patently false. The warrant shows that the petitioner was arrested on November 19, 1957, for offenses alleged to have been committed the night before. The record gives no evidence

of the appointment of counsel until January 14, 1958, the date of the arraignment. It shows that on that day he pleaded not guilty, but changed his plea the following day with the understanding that he was to get a life sentence. Another January 15th entry shows that he was sentenced to life and committed on that day; that his then court appointed attorneys were paid a total of $100.00 for their services. Thus it would appear that the record, insofar as it goes, confirms rather than contradicts the factual allegations of the petition.

In addition to the minutes of the original trial, the court had before it an order in a state court post-conviction hearing and affidavits of the sheriff and of petitioner's counsel. The substance of the sheriff's affidavit is that when arrested the petitioner "asked him about witnesses" and was told to furnish a list of them to his jailer. It is argued here that this affidavit shows the petitioner knew the nature of the charges for which he was to be tried. The logic of this argument escapes us. The substance of counsel's affidavit is that they made diligent inquiry into the circumstances; conferred with state's witnesses and those to whom the petitioner referred them; consulted with petitioner and the solicitor, and, deciding the petitioner had no valid defense, persuaded the solicitor to accept a plea of guilty to the burglary charge, thus insuring the saving of the petitioner's life. It further avers that all the circumstances were explained to the petitioner and that he voluntarily signed the guilty plea. But the gist of the allegations is not that petitioner was coerced to sign his plea by physical force or threat, but that he signed it from fear which grew out of his knowledge that no preparations had been made which would afford him a defense to the charges against him. This could be a more virulent form of coercion than physical threat. We have reviewed these affidavits in some detail on the assumption that they were properly in evidence before the state court in the post-conviction hearing, and, therefore, reviewable

by the District Court as a part of the record. Upon examination of the state post-conviction order itself, we find that it does not resolve the factual issues raised by the unanswered petition in this case. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Davis v. North Carolina, 310 F.2d 904 (4 Cir., 1962). The order recites that evidence, oral and written, was taken but the order is silent as to what the evidence was and who gave it. Only the two affidavits above are on record to support the order. The order finds that the defendant was indicted on a valid bill of indictment; that his appointed counsel were able lawyers; that they conferred with him, and that he knowingly and voluntarily entered his plea of guilty and received a fair and impartial trial.

■ We would concede that able counsel did the best they could under the exigency of the circumstances. But the allegations of the petition are that they and the petitioner had no opportunity to prepare a defense because of the late appointment and the petitioner's incarceration for sixty days before trial without knowledge of the charges and without legal advice and assistance. Indeed the petition alleges that the guilty plea was prepared before the attorneys conferred with him. Nowhere in either the affidavits or the order are these facts contradicted. The best advice obtainable is worth little if it is not based upon a thorough knowledge of the facts of the case, particularly where such a Hobson's choice as this is involved. The Constitution requires the Court to furnish an indigent "the guiding hand of counsel". Powell v. Alabama, 287 U.S. 45, at page 69, 53 S.Ct. 55, at page 64, 77 L.Ed. 158 (1932). The act of appointing counsel is not enough if in the circumstances the traverser is not afforded in any substantial sense professional advice and guidance, and this includes an opportunity to prepare for trial. Jones v. Cunningham, 297 F.2d 851, 855 (4 Cir., 1962).

■ If the allegations of this petition are true, Edgerton is serving a life sentence based upon a plea of guilty to

a charge of which he is innocent which is supported solely by the credibility of his former paramour and her infant child. That plea was entered upon advice of counsel, who had at most a few minutes to inform themselves of the facts. In the context of this case the allegations are neither patently false nor patently frivolous. The case is remanded for a plenary hearing.

Remanded.