Clarence Irvin **TURNER**, Appellant,

v.

**STATE OF MARYLAND**, Appellee.

No. 8732.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 21, 1963.

Decided June 5, 1963.

Ronald P. Sokol, Milwaukee, Wis. (Court-assigned counsel) [Daniel J. Meador, Charlottesville, Va., on brief], for appellant.

Russell R. Reno, Jr., Asst. Atty. Gen. of Maryland (Thomas B. Finan, Atty. Gen. of Maryland, on brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Chief Judge.

This is the sequel to an earlier appeal by Clarence Irvin Turner, a state prisoner who is serving a sentence of five years for participation with four others in an attempted armed robbery. The former appeal was from an order of the District Court denying without a hearing his petition for a writ of habeas corpus, and we remanded the case for a hearing to determine whether the representation afforded Turner at his trial was, as he claimed, so inadequate as to constitute a denial of the effective assistance of counsel. Turner v. State of Maryland, 303 F.2d 507 (4th Cir. 1962).

On this disputed issue the District Court has now conducted a hearing and taken testimony from Turner and the lawyer who had been appointed to defend him in the state proceedings. 206 F.Supp. 111. The record developed at the hearing supports the District Court's conclusion that the trial lawyer did in fact make an effort before trial to secure information necessary to Turner's defense. Yet, admittedly, the attorney failed to consult with his client until less than half an hour before the time set for trial, although his appointment by the court preceded the trial date by two weeks. This neglect we, like the District Court, are unable to condone.

A sense of professional responsibility should have suggested to the lawyer that the omission to communicate with his

client during the two weeks available before trial not only constituted a deplorable disregard of the client's feelings, but involved the risk of overlooking significant information which the client might have in his possession or be able to point to. Normally, in the absence of clear proof that no prejudice resulted, we should be obliged to treat the lawyer's representation as inadequate and the trial as falling short of the standards of due process guaranteed by the Fourteenth Amendment.

However, the hearing which the District Court conducted ascertained in considerable detail not only what the attorney did and failed to do before trial but demonstrated beyond doubt that the accused in fact had no information to communicate to the lawyer which could have been helpful to the defense. In close interrogation of the prisoner and the attorney, it was clearly shown to the District Judge's satisfaction that during their short consultation Turner told the lawyer that the statement he had given to the police was true and that Turner in fact was involved in the attempted robbery.

Apparently, the appellant even now concedes that in so advising the lawyer, he intended to admit that he sat in the get-away car in front of the victim's store while his co-defendants entered to rob him.[1] Turner seems, however, to have thought that his auxiliary role did not constitute guilt in law. He admitted to the District Judge that he knew the purpose for which his co-defendants went into the store while he remained in the car with the engine running. Needless to say, the fact that Turner did not accompany the others but sat in the get-away car does not absolve him. The circumstances could possibly be considered in mitigation of the sentence and were called to the jury's attention. Neither to the lawyer in the brief pre-trial interview nor later at the plenary hearing in the District Court, when there was a deeper inquiry, did Turner suggest any other fact or ground for defense.

The voluntariness of the appellant's statement to the police was at no time contested and was independently proved at the District Court hearing.

In these circumstances there is no ground for saying that the legal representation afforded Turner was so inadequate as to warrant the invalidation of his conviction and sentence. See and compare: Jones v. Cunningham, 313 F. 2d 347 (4th Cir. 1963); Edgerton v. State of North Carolina, 315 F.2d 676 (4th Cir. 1963); Jones v. Cunningham, 297 F.2d 851 (4th Cir. 1962); Snead v. Smyth, 273 F.2d 838 (4th Cir. 1959); Brown v. Smyth, 271 F.2d 227 (4th Cir. 1959).

Nevertheless, we must condemn the conduct of this court-appointed lawyer. Whether a lawyer is employed by a prosperous defendant at a handsome fee or serves an indigent without compensation in the discharge of the duty resting upon him as an officer of the court, the canons of our profession require his "entire devotion to the interest of the client, warm zeal in the maintenance and defense of his rights and the exertion of his utmost learning and ability." American Bar Association, Canons of Professional Ethics, Canon 15. If the spirit of this canon had been observed, no occasion would have arisen for a post-conviction inquiry into the quality of counsel's performance.

Affirmed.

---

1. The car, bought by the appellant and his co-defendants, was titled in Turner's name because of the five purchasers only he was of legal age.