**Leo DuBOISE**

v.

**STATE OF NORTH CAROLINA.**

**Civ. No. 1516.**

United States District Court
E. D. North Carolina,
Raleigh Division.

Jan. 6, 1964.

Leo DuBoise, pro se.

BUTLER, Chief Judge.

The petitioner was convicted in a state court of competent jurisdiction of the crime of first-degree murder after trial by jury and sentenced to life imprisonment. His application for a writ of habeas corpus is based on the ground that he was denied the effective assistance of counsel in that the three attorneys appointed by the court to defend him did not call to the witness stand certain persons requested by petitioner, nor did they allow petitioner to testify.

Accepting the factual allegations as true, the issue before the court is whether they raise a substantial constitutional question requiring a response from the State and, if necessary, a plenary hearing. Davis v. North Carolina, 310 F.2d 904 (4th Cir. 1962); Edgerton v. North Carolina, 315 F.2d 676 (4th Cir. 1963). The petitioner in this case fails to allege facts from which it may be inferred that he was prejudiced by the alleged inaction of his counsel; conclusional allegations are not sufficient. The petition does not disclose what facts the petitioner proposed to prove by the witnesses who were not called nor what the substance of his own testimony would have been.[1] The present case is readily distinguishable from Jones v. Cunningham, 297 F.2d 851 (4th Cir. 1962), in which the district court was held to have erred in dismissing without a hearing a state prisoner's petition in which he

1. The basic reason for the constitutional guarantee of the right of counsel is to afford the layman unversed in the intricacies of the law the professional skill and knowledge necessary in the preparation and conduct of his defense. To give credence to an allegation that counsel was incompetent merely because certain witnesses were not called would subvert the very purpose of assigning counsel. A lawyer who cannot plan the trial of a case or devise basic courtroom strategy without fear of having his professional competence challenged is in no better position than a surgeon who is employed to perform a delicate operation but is required to follow the patient's instructions as to how and where to make the incision. Oftentimes an attorney will not call certain witnesses nor put the defendant on the stand because the damaging facts which might be elicited on cross-examination would more than offset the value of any favorable testimony.

claimed he was denied the effective assistance of counsel. In that case counsel was appointed on the day the defendant was tried and, without making inquiry into the circumstances, advised the defendant to plead guilty because the defendant had already made a confession— a confession which was allegedly made under coercion. The court pointed out that "It does not necessarily follow that the same result would be reached in a case in which only one, or even several, but less than all, of these factors are found to exist." Jones v. Cunningham, supra, 297 F.2d at 855. Nor is the present situation like that in Edgerton v. North Carolina, 315 F.2d 676 (4th Cir. 1963), in which the petitioner alleged that counsel made no effort to confer with him and that he signed a prepared guilty plea from fear which grew out of his knowledge that no preparations had been made which would afford him a defense to the charges against him. The petition now before the court does not allege lack of preparation; on the contrary, it appears from the petition that counsel had a full and fair opportunity to prepare and present a defense. The trial court, in addition to appointing two attorneys of defendant's choice, also assigned an additional attorney to assist in the preparation and trial.

It may be presumed that court-appointed counsel have rendered competent and efficient assistance in the absence of allegations of fact from which prejudice may be reasonably inferred. Brown v. Smyth, 271 F.2d 227, 228 (4th Cir. 1959). Attorneys assigned to represent indigent defendants accept such assignments as a public service in the noblest tradition of the profession. They are properly motivated by a desire to protect the defendant's legal rights and to afford him a fair trial. In addition to their moral and ethical duty to represent every indigent to the best of their ability,[2] their own professional integrity and reputation are at stake. The court owes a duty to counsel to protect them from the necessity of defending their reputation from unsupported imputations of incompetency. Only in extreme circumstances where the representation has been so inadequate as to make a farce of the trial can it be said that the petitioner was deprived of his constitutional rights. Snead v. Smyth, 273 F.2d 838 (4th Cir. 1959). Moreover, when the petitioner has alleged no grounds for a defense even the ineffective assistance of counsel does not warrant the invalidation of the conviction. Turner v. Maryland, 318 F.2d 852 (4th Cir. 1963).

The petition fails to raise a constitutional issue and it is hereby denied.

---

2. The canons of ethics of the legal profession require a lawyer's " 'entire devotion to the interest of the client, warm zeal in the maintenance and defense of his rights and the exertion of his utmost learning and ability' to the end that nothing be taken or be withheld from him, save by the rules of law, legally applied." American Bar Association, Canons of Professional Ethics, Canon 15.