Curtis L. **BRAXTON**, Appellant,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, Appellee.

No. 10338.

United States Court of Appeals
Fourth Circuit.

Argued May 4, 1966.

Decided July 26, 1966.

John Oakey, Jr., Richmond, Va., (Court-assigned counsel) [Battle, Neal, Harris, Minor & Williams, Richmond, Va., on the brief] for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia, (Robert Y. Button, Atty. Gen. of Virginia, on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and FIELD, District Judge.

SOBELOFF, Circuit Judge:

Curtis L. Braxton is in the Virginia State Penitentiary, serving a sentence for robbery imposed by the Hustings Court of the City of Richmond after a plea of guilty. In his habeas corpus petition to the District Court the appellant claims first that he was denied his constitutional right to effective assistance of counsel in that the Public Defender who was designated to represent him gave his case inadequate attention. A second claim is that the conviction is invalid because he was not afforded a preliminary hearing. After an evidentiary hearing, the District Court denied relief.

When Braxton was indicted by a Richmond grand jury on August 19, 1963, he was still at large. Later he was arrested in Baltimore and, after an extradition hearing, was returned to Richmond on November 4. On November 5, the Hustings Court appointed the Public Defender to represent him; however, that attorney did not confer with Braxton until November 27.

In the first interview on that date Braxton professed his innocence, and his attorney determined that a jury trial was advisable. Thereupon the attorney filed a motion to continue the case until December 18, and this was immediately granted. As the attorney was leaving the courthouse, he happened to meet the attorneys who were representing Braxton's codefendants. The counsel for one of the codefendants expressed a desire to interview Braxton. Braxton's attorney consented and accompanied the attorneys for the codefendants to the lockup to speak to Braxton. In the ensuing conversation the codefendant's attorney informed Braxton that the codefendants "were turning on him." Realizing that in this circumstance it would be futile to persist in denying guilt, Braxton freely admitted his participation in the crime and agreed with his attorney's suggestion that the best course was to enter a plea of guilty.

The attorney did not confer with Braxton at any time after November 27. On December 18, 1963, Braxton, in the presence of counsel, entered a guilty plea and was later sentenced.

██ Courts have a duty of vigilance to assure that appointed counsel shall give proper professional service to their indigent clients. Not only should the court make the appointment as promptly as possible, but the assigned lawyer should confer with the client without undue delay and as often as necessary, advise him of his rights, ascertain what defenses he may have, make appropriate investigations, and allow himself enough time for reflection and preparation for trial. Jones v. Cunningham, 313 F.2d 347 (4th Cir. 1963). Compare Turner v. State of Maryland, 303 F.2d 507 (4th Cir. 1962), with Turner v. State of Mary-

land, 318 F.2d 852 (4th Cir. 1963).[1] In the second Turner case this court, condemning the conduct of court-appointed counsel, admonished that "[w]hether a lawyer is employed by a prosperous defendant at a handsome fee or serves an indigent without compensation in the discharge of the duty resting upon him as an officer of the court, the canons of our profession require his 'entire devotion to the interest of the client, warm zeal in the maintenance and defense of his rights and the exertion of his utmost learning and ability.' American Bar Association, Canons of Professional Ethics, Canon 15." 318 F.2d at 854.

■ In the circumstances of this case, however, we agree with the District Court that the services rendered to Braxton were not so perfunctory as to be deemed inadequate. The three-week delay between the attorney's appointment and his first conference with the client resulted in no possible prejudice to the appellant. It was clearly established in the hearing held by the District Court that Braxton upon learning that his confederates in the crime were ready to testify against him and that there was no hope of a successful defense, acknowledged his own guilt and freely consented to enter a plea of guilty. Before this development, the Public Defender was planning to contest the charges and had had the case postponed for trial before a jury. There is no suspicion of neglect or laziness on the part of the attorney or that the guilty plea was prompted by the pressure of time preventing full preparation of a defense, as might be the case where a guilty plea is entered on the same day that the lawyer first meets with his client. Cf. Martin v. Commonwealth of Virginia, 365 F.2d 549, No. 10,-470 (4th Cir.); Edgerton v. State of North Carolina, 315 F.2d 676 (4th Cir. 1963); Jones v. Cunningham, 313 F.2d 347 (4th Cir. 1963). See also United States v. Ray, 351 F.2d 554 (4th Cir.

1965). We must, however, expressly disapprove unnecessary delays between the designation of counsel and his conferring with the client for the purpose of informing himself fully and taking such further measures as may be required.

■ The further claim of the appellant that he was denied his constitutional rights because no preliminary hearing was held in his case is without merit. He was not in the state when indicted, and was apprehended later in Baltimore. The Virginia statute does not require a preliminary hearing after indictment. Webb v. Commonwealth, 204 Va. 24, 129 S.E.2d 22 (1963), interpreting section 19.1–163.1 of the Code of Virginia (1960 Repl.Vol.). Nor does it appear that the appellant was in any way prejudiced by the omission of a preliminary hearing.

Affirmed.

---

1. See also Report on Criminal Justice Act, 36 F.R.D. 277, 327, 338–41 (1965), setting forth a "Check List" of possible defenses and procedural motions, which list is provided to all attorneys appointed to represent defendants in federal criminal trials in the District Court of Maryland.