Robert **HARRIS**, Petitioner,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 68–C–21–R.

United States District Court
W. D. Virginia,
Roanoke Division.

May 23, 1968.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Robert Harris, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on March 21, 1968.

Petitioner is now being detained pursuant to a judgment of the Circuit Court of Roanoke County, Virginia, rendered on June 17, 1942, wherein petitioner was convicted of attempted rape and sentenced to life in prison.

Petitioner did not appeal his conviction. He, however, later sought state habeas corpus relief which was denied on March 31, 1967, after a plenary hearing in the Circuit Court of Roanoke County. Petitioner's writ of error to this judgment was denied in the Supreme Court of Appeals of Virginia on December 4, 1967. Petitioner is, therefore, properly before this court, having exhausted his presently available state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner contends that he is entitled to habeas corpus relief on the single ground that he was inadequately represented by counsel. This claim is based on the allegation that petitioner went to trial after having consulted with his court-appointed attorney for a total

period of only ten minutes immediately before trial. The facts are as follows: On January 21, 1942, petitioner was arrested on a charge of attempted rape. On February 23, 1942, petitioner was ordered committed to the Southwestern State Hospital, Marion, Virginia, for observation to determine his competency to stand trial. Petitioner was found to be sane and on June 8, 1942, the court ordered petitioner returned to stand trial. On June 10, 1942, counsel was appointed by the trial court to represent petitioner. On June 17, 1942, petitioner was tried and convicted by a jury on a plea of not guilty and sentenced to life imprisonment. According to the uncontradicted testimony of petitioner, he did not see his court-appointed attorney until ten minutes before the trial. He testified that from the time of his attorney's appointment on June 10 until the time of their conference in the courtroom on June 17 he was never consulted by his attorney. Since no evidence has been adduced to contradict these factual allegations we will accept them as true. The testimony of petitioner is unchallenged mainly because his court-appointed trial attorney is now deceased. Twenty-six years have elapsed since the date of the trial, and it is concededly difficult for the state to now come forward and contradict petitioner's allegations. However, there is no evidence that the state made any attempt to contact the jailer who was present during petitioner's confinement the week before trial and who would have known whether petitioner consulted with his attorney or any person besides the sheriff and Commonwealth's Attorney who would be in a position to testify to this matter.[1] Since the state failed in this respect and petitioner's testimony appears otherwise credible, we will accept as true petitioner's factual allegation that he first saw his attorney only ten minutes before trial.

■ The settled rule under these circumstances is that a presumption of prejudice arises from the brevity of time allowed for preparation. As the court said in Martin v. Commonwealth of Virginia, 365 F.2d 549, 552 (4th Cir. 1966): "when the initial consultation between a court-appointed attorney and his client occurs only a short time before the trial, '[n]ormally * * * we should be obliged to treat the lawyer's representation as inadequate and the trial as falling short of the standards of due process guaranteed by the Fourteenth Amendment. Turner v. State of Maryland, 318 F.2d at [852,] 854 [4th Cir. 1963]'." See also Coles v. Peyton, 389 F.2d 224 (4th Cir. 1968). However, if the records contain adequate affirmative evidence that the petitioner was not prejudiced despite the lack of time for preparation, we will not find that petitioner was inadequately represented. Braxton v. Peyton, 365 F.2d 563 (4th Cir. 1966); Dawson v. Peyton, 359 F.2d 149 (4th Cir. 1966); Turner v. State of Maryland, 318 F.2d 852 (4th Cir. 1963).

At the state habeas hearing petitioner testified that he told his attorney that a Mr. Poole could have provided an alibi for him. The record shows that there was a Mr. Poole and that the state did not contradict petitioner as to this defense. Once the petitioner made out a prima facie case of prejudice the state had the obligation to produce the alibi witness to avoid this prejudice. Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967).

■ Considering the seriousness of the alleged offense, the sentence imposed, the peculiar facts and circumstances of the case, the fact that defendant's counsel is deceased, etcetera, the court is of the opinion that a plenary hearing should be held, and it appearing to the court that the defendant is incarcerated in the State Prison at Richmond, Virginia, and since the Attorney General of Virginia is

---

1. Neither the sheriff nor the Commonwealth's Attorney could testify that petitioner's trial attorney consulted with him before the date of the trial. Furthermore, none of the petitioner's trial attorney's records regarding this matter were found.

in Richmond, Virginia, that it will be more convenient to hold the hearing in Richmond, Virginia, and it is AD-JUDGED and ORDERED that a plenary hearing be held, and this case is hereby transferred to the United States District Court at Richmond, Virginia, and the court there will notify the parties of the date of said hearing.