Joe Louis JONES, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 68–C–1–L.

United States District Court
W. D. Virginia,
Lynchburg Division.

June 3, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Joe Louis Jones, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on January 31, 1968.

Petitioner is confined in the service of two consecutive sentences of twenty-five and fifteen years imposed in the Corporation Court of the City of Lynchburg, Virginia on November 2, 1959, upon his being convicted of robbery and malicious wounding respectively.

Petitioner was tried to the court without a jury and pleaded guilty. No appeal was taken. Petitioner, however, later sought state habeas corpus relief and filed several petitions. Petitioner's first petition was denied after a plenary hearing on February 13, 1964, and petitioner's second petition was denied by the Supreme Court of Appeals of Virginia on December 4, 1967, after a second plenary hearing in the trial court on March 10, 1967. Petitioner is, therefore, properly before this court, having exhausted his presently available state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner contends that he is entitled to habeas corpus relief on several grounds. He first claims that he was inadequately represented by counsel.

Petitioner's claim of inadequate representation is based on the fact that at most only two hours elapsed from the time of counsel's appointment to petitioner's sentencing and that petitioner pled guilty after consultation with counsel for a total period of only twenty minutes. The facts are as follows. On October 13, 1959 petitioner was arrested and placed in jail where he remained until his trial on November 2, 1959. From the time of his arrest until the morning of his trial petitioner was without benefit of counsel. The court appointed an attorney for Jones and counsel met with the Commonwealth's Attorney and obtained the police report on petitioner's case.[1] Counsel examined the report, and then met with petitioner in the jury room during a recess of the court which lasted for approximately twenty minutes. The only time counsel consulted with petitioner about his case was during this twenty minute recess. Counsel had a brief discussion of the case with petitioner's codefendant's attorney. After the interview petitioner and counsel appeared in court and petitioner entered a guilty plea on counsel's advice.[2]

---

1. The report was a composite of the state's case including a copy of the complaint and indictment, the proposed testimony of the state's witnesses, petitioner's prior rec-ord, a history of the case and the state's evidence.

2. According to counsel's testimony at the state habeas hearing, he advised peti-

The established rule is that if the proceedings are too brief that a presumption of prejudice arises "from the shortness of time allowed for preparation." Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967). "In the recent decision of Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967) Judge Winter, speaking for this court, clearly pointed out that the practice of appointing counsel in a felony case so close to trial that the lawyer is not 'afforded a reasonable opportunity to investigate and prepare a case' is 'inherently prejudicial.' "

■ However, the presumption of prejudice from the lack of time for preparation may be overcome where there is adequate affirmative evidence that the petitioner was not prejudiced by the lack of time. Braxton v. Peyton, 365 F.2d 563 (4th Cir. 1966); Dawson v. Peyton, 359 F.2d 149 (4th Cir. 1966); Turner v. State of Maryland, 318 F.2d 852 (4th Cir. 1963). Thus, if it is shown that there was no hope or semblance of a successful defense as to the merits or valid question as to the mitigation or severity of the sentence even with a protracted investigation and preparation, the brevity of time between appointment and sentencing would not have prejudiced him. But, if there were either nonfrivolous defenses or nonfrivolous questions as to the mitigation or severity of petitioner's sentence that could have been developed by an adequate investigation and preparation of the case but were not due to the lack of time, then petitioner was prejudiced. See Fields, supra, Twiford v. Peyton, 372 F. 2d 670 (4th Cir. 1967); Martin v. Commonwealth of Virginia, 365 F.2d 549 (4th Cir. 1966); Edgerton v. State of North Carolina, 315 F.2d 676 (4th Cir. 1963); Jones v. Cunningham, 313 F.2d 347 (4th Cir. 1963).

■ The court feels that a plenary hearing should be had by the United States District Court in order for the court to hear the evidence of petitioner and of the court appointed counsel, and such other evidence as may throw light on whether petitioner had effective representation of counsel, that the defendant being incarcerated in the State Prison at Richmond, Virginia, and since the Attorney General of Virginia is in Richmond, that it will be more convenient to hold the hearing in Richmond, Virginia, and it is

Adjudged and ordered

that a plenary hearing be held, and this case is hereby transferred to the U.S. District Court at Richmond, Virginia, and the court there will notify the parties of the date for said hearing.

tioner to plead guilty because of the strong evidence against him as shown by the police report and because of his demeanor at the interview. According to petitioner, he was advised to plead guilty because his attorney said he had confessed and there was no use denying it. However, petitioner testified at the second state habeas hearing three years later that he was advised to plead guilty because the state had a good case against him.