Carl Milan **LEWIS**, Petitioner,

v.

C. C. **PEYTON**, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 68–C–29–L.

United States District Court
W. D. Virginia,
Lynchburg Division.

Sept. 10, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case is before this court on a petition for a writ of habeas corpus filed *in forma pauperis* by Carl Milan Lewis, a state prisoner, pursuant to 28 U.S.C. § 2241.

Petitioner is currently serving a sentence of five years in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of the City of Lynchburg of October 11, 1966, wherein the petitioner was convicted for the crime of statutory burglary. An additional twelve months confinement was imposed on conviction of a court of petit larceny charged in the same indictment. The convictions resulted from a trial by jury in which petitioner was represented by court appointed counsel. An appeal to the Virginia Supreme Court of Appeals resulted in a denial of a writ of error thereby affirming the Corporation Court's decision.

The petition for a writ of habeas corpus was filed in this court on July 3, 1968. No petition has been filed in the state courts. However, the claims which the petitioner presents are the same as those which he pressed on direct appeal from his convictions, and thus, they have been adjudicated by the highest courts in the state. Once a claim has been adjudicated by the highest courts of a state, that is sufficient to permit a petitioner for habeas corpus to seek federal redress without the necessity of seeking successive rounds in state court litigation. Edmondson v. Warden, Maryland Penitentiary, 335 F.2d 608 (4th Cir. 1964), Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). Thus the petitioner has exhausted his available state remedies within the provisions of 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and as a result, is properly before this court.

Petitioner's allegations challenge the legal consequence of occurrences at the trial. There is no dispute over what happened at the trial, only over the legal consequences. All relevant facts and material are sufficiently presented in the state court records. So it would be unnecessary and unproductive to have a plenary hearing. See Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). The petitioner's claims are that

an error during the trial deprived him of the constitutional right of due process, that he should have been granted separate trials on the different counts in the indictment, and that the evidence was insufficient to support his convictions.

The pertinent facts are these. On August 5, 1966, H. A. Thompson, a police officer in the City of Lynchburg, stopped a car going the wrong way on a one way street. It was approximately 4:00 a.m. Upon asking for a driving permit, the driver, who was later identified as the petitioner, produced a Texas driving license issued to Cecil Fannin. While talking to the petitioner, the officer flashed his flashlight in the car where three other individuals were sitting, one later described as Cecil Fannin. The officer noticed two large screwdrivers on the floor and some Falstaff and Blue Ribbon beer cans. Upon a request from the officer, the petitioner unlocked the trunk of the car and raised the trunk lid. The officer observed two cases of Falstaff beer with one six-pack of beer missing from one of the cases. The officer also observed one fifth of Scuppernong Wine. The petitioner told the officer that one of his friends had bought the wine and beer at a place on the other side of town. Observing that the bottle of wine had a wholesaler's serial number, but not a retailer's number, the officer recorded the wholesaler's serial number. After obtaining the names of the occupants of the car, the car's license plate number and registration number which indicated the car was from a rental service in Danville, Virginia, the officer let the petitioner go.

A short time later at approximately 5:00 o'clock a.m., the same police officer discovered that the J & B Distributing Company's warehouse had been broken into. The J & B Distributing Company was located one mile from where the officer had stopped the petitioner's car. It was discovered that two cases of Falstaff beer and three bottles of Scuppernong Wine had been taken. The serial number on the bottle earlier seen in the petitioner's car was the number that had been assigned by the A.B.C. Board to the J & B Distributing Company to attach to their wholesale wine.

Upon learning this, the officer reported the occurrences to Lynchburg Police Headquarters who teletyped to Danville to notify the police to be on the lookout for the car which petitioner was driving. The car and its occupants were taken into custody by the Danville police. The police officer, accompanied by another, traveled to Danville, where the car was observed in the police parking lot and was identified by the license plate number. A search warrant was obtained and the car was searched, with the result that the two cases of beer, the screwdrivers, wine bottles, and a pair of gloves were found.

Before trial a motion was made to suppress the evidence on the grounds that it resulted from an illegal search and seizure. Arguments were heard on the motion in the chambers of the judge immediately before trial. The motion to suppress was sustained because the search warrant was defective on its face not showing probable cause or the particular person giving the information.

Immediately afterward, in the courtroom after the jury had been impaneled and sworn and the petitioner arraigned, the petitioner's counsel noticed that the articles that had been the subject of the motion were sitting on a table in view of the jury. Out of the hearing of the jury, the counsel brought this to the attention of the trial judge. The judge ordered the jury out of the courtroom. While the jury was gone, the evidence was removed from the table and placed out of the sight of the jury in the second row of seats designated for the spectators. The defense moved for a mistrial which was not granted. Petitioner alleges that a person in a standing position, such as the jury filing back in to the courtroom would have been able to see the articles.

The evidence mentioned above was never introduced into evidence during the trial. However we note that the officer was able to testify to the occurrences,

including the evidence, that he observed when he first stopped the car in Lynchburg since it was determined that this was not the result of an illegal search or seizure, but rather consent. At the trial, the petitioner presented no evidence.

We are not concerned in this case with whether the evidence was the result of an illegal search or seizure. The trial court determined that the search and seizure were illegal, and excluded from the trial all evidence obtained as a result of the search. But petitioner complains that the evidence seized as a result of the illegal search was nevertheless displayed in the courtroom, so as to prejudice the jury and deny petitioner a fair trial. We are concerned with whether the events that occurred during the trial proceedings deprived the petitioner of any constitutional rights which would have resulted in an unfair and unjust trial.

Assuming that everything the petitioner says is true, we do not think it sufficient enough to amount to a denial of due process as guaranteed by the constitution. The admissibility or non-admissibility of evidence is normally a matter left to state law and procedure not involving federal constitutional issues. "it is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal." Grundler v. State of North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). The petitioner is not entitled to an error free trial, but rather one that does not deprive him of any basic rights amounting to a denial of due process. Rhay v. Browder, 342 F.2d 345 (9th Cir. 1965). The record shows that the inadmissible evidence was moved immediately upon request by the defense attorney and while the jury was absent from the courtroom. The jury's attention was never

called to it. From the trial records, and assuming everything the petitioner claims is true, it does not appear that petitioner has been deprived of any federal constitutional right amounting to a denial of due process of law or the essence of a fair trial. Thus we find no merit to petitioner's first claim.

Petitioner's second claim is that he should have had separate trials by separate juries on the two counts, statutory burglary and petit larceny, in the indictment. The action of the trial court in consolidating offenses in an indictment is not open to attack on a habeas corpus proceeding. United States ex rel. Sliva v. Commonwealth of Pennsylvania, 196 F.Supp. 50, 51 (E.D.Pa.1961). Here the court explained that the charges were so similar and intertwined that in actuality greater justice would be accomplished by one trial. It was a decision within the trial court's discretion. Mitchell v. Commonwealth, 141 Va. 541, 127 S.E. 368 (1925); Allen v. Commonwealth, 122 Va. 834, 94 S.E. 783 (1918). We find no violation of any constitutional right on which we can grant relief based on this claim.

The petitioner's last claim is that the evidence is insufficient to support his conviction. It is only where the evidence is so lacking in substance as to amount to a deprivation of a constitutional right that this court may act. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). From a review of the record we do not find any fundamental unfairness that would amount to a deprivation of a constitutional right.

For the foregoing reasons the petitioner has failed to convince this court that he is entitled to any relief based on any of his allegations. It is therefore ADJUDGED and ORDERED that the petition be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.