**Sidney BROOKS, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70-C-20-H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Sept. 1, 1970.

NaNNaNNaN

ed by court-appointed counsel, entered a plea of guilty and was tried by a judge without a jury.

Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of the City of Waynesboro. On March 23, 1966 that court held a hearing and dismissed the petition. An appeal was noted from this dismissal but on March 8, 1967 the appeal was withdrawn by petitioner. The state moves for dismissal of this action on the ground that the failure to exhaust state remedies amounts to a waiver of the right to bring this suit. It is petitioner's contention that his parole officer forced the withdrawal of his appeal. Because the court cannot find merit in this action, it will not attempt to ascertain the validity of the allegations relating to the failure of petitioner to exhaust state remedies.

All of petitioner's claims in this action relate to ineffective representation of counsel. He alleges counsel was ineffective in the following manner:

1. Counsel was appointed only 30 minutes before the trial and advised him to plead guilty without making investigation.

2. Counsel permitted him to sign a waiver of indictment which he did not understand.

3. Counsel did not object to the lack of evidence or to summarization of evidence by the Commonwealth Attorney.

The evidence does disclose that counsel was appointed and trial held within approximately a 30 minute period of time. Immediately after appointment, counsel conferred with petitioner. He advised petitioner that it would be best to demand a jury trial. Against counsel's advice and on the insistence of petitioner, the trial was held on the same day.

■■ Ordinarily a prima facie case of ineffective representation of counsel is made when late appointment of counsel is shown. Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967); Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967). Petitioner has not made out a prima facie case in

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Sidney Brooks, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with this court on June 9, 1970.

Petitioner is being detained pursuant to a judgment of the Circuit Court of the City of Waynesboro imposed on July 8, 1963, wherein petitioner was sentenced to twelve years in the penitentiary for felonious maiming. Petitioner, represent-

this instance because he was the sole cause of the trial being held on the same day as the appointment of counsel. Counsel is not ineffective when he proceeds to trial on the same day of his appointment for a defendant, who aware of his rights to delay the proceedings until counsel has investigated and prepared further, insists on his immediate trial.

 Next, petitioner alleges counsel permitted him to sign a waiver of indictment which he did not understand. The waiver of indictment itself contains a statement that petitioner was fully informed of his rights. The conviction order of the court states:

> Whereupon the accused was advised by the court of his right to be indicted by a grand jury for the charge contained against him in the warrant and the accused, after private consultation with his attorney, in open court and in writing signed by him waived an indictment by the grand jury and agreed to be tried on the charge contained in the warrant, which waiver in writing signed by the accused as aforesaid, is ordered to be filed.

The records in this case are sufficient to refute the allegations of petitioner.

Finally, petitioner alleges counsel was ineffective for failing to object to the lack of evidence or to the summarization of evidence by the Commonwealth Attorney. A plea of guilty is itself a conviction and nothing remains but to pass judgment and determine the punishment. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). There was nothing therefore on which counsel could base an objection.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.