Judson BROADUS, Appellant,

v.

Dr. James V. LOWRY, Appellee.

No. 13054.

United States Court of Appeals
Sixth Circuit.

June 10, 1957.

Michel M. Turpeau, Cincinnati, Ohio, for appellant.

Marvin D. Jones, Asst. U. S. Atty., Lexington, Ky., Henry J. Cook, John M. Kelly, Lexington, Ky., on brief, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant, represented by his attorney, who was not court appointed, entered a plea of guilty to one count of a two count indictment returned on June 7, 1954, in the U. S. District Court for the District of Columbia charging appellant with the unlawful possession of marihuana, Section 2593(a), Internal Revenue Code, 1939. Following the filing of an Information setting out that appellant was the same person who had entered a plea of guilty on April 21, 1950, to charges of violating Sections 2591(a) and 2593(a), Internal Revenue Code, 1939, 26 U.S.C. §§ 2591(a), 2593(a), and had received by reason thereof a sentence of four and one-half years, which allegations were admitted by counsel for appellant in the presence of and without objection by appellant, appellant was sentenced on July 30, 1954, to imprisonment for a period of from two to seven years and a fine of $50.00. The Court recommended commitment to the U. S. Public Health Service Hospital, Lexington, Kentucky, for treatment for narcotic addic-

tion, to which institution he was committed.

Appellant's application for vacation of sentence under Section 2255, Title 28 U.S.Code, was denied by the District Court for the District of Columbia. Appellant then filed this habeas corpus proceeding in the District Court for the Eastern District of Kentucky, where he was in custody.

█ Since appellant entered a plea of guilty, there is no merit in his contention that evidence against him was illegally obtained. United States v. Gallagher, 3 Cir., 183 F.2d 342, 344, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659.

█ The record contains nothing to support his general allegation that he was deprived of his constitutional rights through the acts of his attorney in advising him to enter a plea of guilty or in admitting to the Court in appellant's presence the prior convictions of appellant as charged in the Information. Fiedler v. Shuttleworth, 6 Cir., 153 F.2d 999; Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002; Tompsett v. State of Ohio, 6 Cir., 146 F.2d 95, 98, certiorari denied 324 U.S. 869, 65 S. Ct. 916, 89 L.Ed. 1424.

█ The imposition of the sentence of July 30, 1954, as a second offender was not a violation of his constitutional rights. Pettway v. United States, 6 Cir., 216 F.2d 106, 108. Nor was it necessary under Section 2557, Internal Revenue Code, 1939, 26 U.S.C. § 2557, which authorized the increased penalties, that the indictment set out the prior offense. The statute provides for the filing of an Information after conviction, setting forth the prior convictions. Beland v. United States, 5 Cir., 128 F.2d 795, certiorari denied 317 U.S. 676, 63 S.Ct. 157, 87 L. Ed. 543, rehearing denied 317 U.S. 710, 63 S.Ct. 205, 87 L.Ed. 566; Pettway v. United States, supra.

█ Appellant also contends that he was mentally incompetent at the time of his arraignment and sentence, thus voiding the judgment. Youtsey v. United States, 6 Cir., 97 F. 937; McIntosh v. Pescor, 6 Cir., 175 F.2d 95, 98. This issue was not raised in the sentencing court either at the time of sentencing or thereafter. Although we expressed doubt in McIntosh v. Pescor, supra, about the jurisdiction of the District Court to vacate the sentence under Rule 35, Rules of Criminal Procedure, 18 U.S. C., after the expiration of the term, we expressed the view that such an issue could be properly presented by habeas corpus proceedings. Compare: United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232; Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, 584–585, reversed 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835.

Subsequent to the ruling in McIntosh v. Pescor, supra, Congress enacted Sections 4244 and 4245, Title 18 U.S.Code, providing statutory procedure for presenting such an issue. We held in United States v. Meadows, D.C.W.D.Mich., 140 F.Supp. 184, affirmed, 6 Cir., 232 F.2d 312, that this procedure should be followed instead of attempting to raise the issue by a proceeding under Sec. 2255, Title 28 U.S.Code.

In the present habeas corpus proceeding, however, the District Court held a hearing on this issue. It is unnecessary to determine whether this was the proper procedure. In the hearing, appellant, in support of his contention of mental incompetency, relied exclusively upon the recommendation of the sentencing court that he be committed to the Lexington, Ky., institution for treatment for narcotic addiction. In the absence of other evidence, the District Judge ruled against the appellant and dismissed the proceeding. In our opinion, the appellant failed to sustain his contention and the ruling was correct. McIntosh v. Pescor, supra, 6 Cir., 175 F.2d 95, 98–99.

Other questions raised by the appellant have been considered and are found to be without merit.

The judgment is affirmed.