George **BROWN**, Jr., Appellant,

v.

**W. Frank SMYTH, Jr.,** Superintendent of
the Virginia State Penitentiary,
Appellee.

No. 7896.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1959.

Decided Oct. 19, 1959.

Charles W. Laughlin, Richmond, Va.
(Court-appointed counsel) for appellant
(George Brown, Jr., pro se, on brief).

Thomas M. Miller, Asst. Atty. Gen., of
Virginia, (A. S. Harrison, Jr., Atty.
Gen., of Virginia, on brief) for appellee.

Before SOBELOFF, Chief Judge,
and HAYNSWORTH and BOREMAN,
Circuit Judges.

SOBELOFF, Chief Judge.

The appellant is serving a life term
in the Virginia State Penitentiary for
robbery with a deadly weapon. The District Court denied his petition for a writ
of habeas corpus, brought after he had
exhausted his state remedies, including
application for certiorari which was denied by the Supreme Court of the United
States, Brown v. Smyth, 1958, 358 U.
S. 854, 79 S.Ct. 83, 3 L.Ed.2d 88.

The sole contention of the petitioner
which merits consideration is that he
was "coerced" into pleading guilty by his
court-appointed attorney who advised
him that "the plea of not guilty meant
only death in the electric chair." In
denying the petition, the District Court
pointed out that when the trial court
imposed sentence it recited that the accused tendered his guilty plea after a
private discussion with his counsel and
that his counsel was "an able, experienced and competent attorney in the trial
of criminal cases of all sorts  *  *  *."

The petitioner supplied no details to
support his claim of coercion; nor does
he suggest that he had a defense to
present. Certainly the mere allegation
that a lawyer suggested to a defendant
that if he stood trial he was in jeopardy
of a death sentence does not constitute
such coercion as to make the plea of
guilty an involuntary act. In Diggs v.
Welch, 1945, 80 U.S.App.D.C. 5, 148 F.2d
667, 668, certiorari denied 325 U.S. 889,
65 S.Ct. 1576, 89 L.Ed. 2002, petitioner
likewise set up the claim that "he was
coerced and intimidated to enter a plea
of guilty by the attorney appointed by
the court to defend him." In affirming
dismissal of the petition, the court held
these general allegations, standing alone,
insufficient to require a hearing upon the
petition for the writ of habeas corpus.
In another case involving an allegation
of incompetence of counsel, the same
court stated:

"* * * But mere general assertions of incompetency or disinterest do not constitute a *prima facie* showing required by the statute to support a petition for habeas corpus. District attorneys and assigned counsel are officers of the court; licensed to practice, upon proof of character and fitness to perform professional duties. There is a presumption of proper performance of duty by each of them, which requires much more than the allegations of the present case to set the procedure of habeas corpus in motion." Dorsey v. Gill, 1945, 80 U.S. App.D.C. 9, 148 F.2d 857, 876, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003. See also Broadus v. Lowry, 6 Cir., 1957, 245 F.2d 304, certiorari denied 355 U.S. 858, 78 S.Ct. 88, 2 L.Ed.2d 65.

The District Judge, however, did not dispose of the petition upon a mere finding that its allegations were not made with sufficient particularity. Despite the petition's apparent defects, the judge proceeded with proper caution and required the respondent to file his return and to answer the petition. There was a full answer, to which was attached a summary of the facts of the case.

The District Court pointed out that the crime was of such heinous nature that *conviction after a trial* might readily have resulted in the extreme penalty. Certainly it may be presumed that the defendant was reluctant to choose the alternative of a plea of guilty as advised by his lawyer, but this is not tantamount to coercion. Indeed it is a lawyer's duty to advise his client, according to his best judgment, of the risks involved.

No special circumstances are alleged to differentiate this from any case of a client who has pleaded guilty with full knowledge of the nature and the consequences of his action and who later seeks to cast responsibility for his predicament on his attorney. In a case such as this, where the record shows that the defendant was competently represented and where he utterly fails to substantiate his general allegations, no hearing is required. Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45.

In the circumstances, the District Court was correct in dismissing the petition.

Affirmed.