**Luther THOMAS, Warden, Kentucky State Penitentiary, Appellant,**

v.

**Edgar Clay MORROW, Appellee.**

Court of Appeals of Kentucky.

Oct. 5, 1962.

See also 352 S.W.2d 199.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellant.

Frederic Olszweski, Princeton, for appellee.

MOREMEN, Judge.

The Lyon Circuit Court granted a writ of habeas corpus to appellee, Edgar Morrow, and ordered his release from confinement in the state penitentiary and from the parole which had been granted to him by the state parole board. The Commonwealth appeals.

A bare chronicle of the events which transpired after his arrest and before he was committed to the penitentiary proves conclusively that he did not have the mental capacity to plead to the indictment returned against him.

This is the calendar of events:

November 12, 1958, indicted for armed robbery.

March 2, 1959, sent to Lakeland State Hospital for observation.

April 23, 1959, inquest in Jefferson Circuit Court when petitioner was found to be of unsound mind. He was adjudged to be legally insane.

June 25, 1959, returned to the custody of the Jefferson Circuit Court.

August 25, 1959, appeared before the court, changed his former plea of not guilty to guilty on a charge of robbery, a lesser offense. He was not sentenced

on this day, but was released on own bond without surety.

September 25, 1959, accused of robbery of branch office of Liberty National Bank & Trust Company of Louisville and was held in federal custody on this charge.

December 16, 1959, U. S. District Court caused an inquiry as to mental condition of petitioner.

December 16, 1959, after inquiry, indictment dismissed and prisoner was again sent to Lakeland State Hospital.

August 5, 1960, petitioner again discharged from State Hospital, turned over to Jefferson Circuit Court and remanded to jail.

August 29, 1960, petitioner sentenced by circuit court to five years in prison.

We have said on many occasions that only void judgments are subject to attack by habeas corpus proceedings, Mercer v. Commonwealth, Ky., 346 S.W.2d 761; Robinson v. Jones, Ky., 347 S.W.2d 514, with the corollary admonition that the writ will not issue except upon probable cause being shown that the judgment is void. Hamm v. Jones, Ky., 353 S.W.2d 544.

We are faced at the outset with the question of whether lack of mental capacity to plead to an indictment, or to change a plea after it is once pled, renders a judgment void so that the wrong may be corrected by the use of the writ of habeas corpus. In Broadus v. Lowry, 6 Cir., 245 F.2d 304, in an opinion written by Hon. Shackelford Miller, Jr., it was said:

"Appellant also contends that he was mentally incompetent at the time of his arraignment and sentence, thus voiding the judgment. Youtsey v. United States, 6 Cir., 97 F. 937; McIntosh v. Pescor, 6 Cir., 175 F.2d 95, 98. This issue was not raised in the sentencing court either at the time of sentencing or thereafter. Although we expressed doubt in McIntosh v. Pescor, supra, about the jurisdiction of the District Court to vacate the sentence under Rule 35, Rules of Criminal Procedure, 18 U.S.C., after the expiration of the term, we expressed the view that such an issue could be properly presented by habeas corpus proceedings. Compare: United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232; Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, 584–585, reversed 350 U. S. 961, 76 S.Ct. 440, 100 L.Ed. 835."

It has often been stated by this Court that errors which may be corrected on appeal do not cause a judgment to be void, but merely erroneous, and therefore the judgment may not be nullified under habeas corpus proceedings. We have emphasized also in many cases the Court's right to issue a writ of habeas corpus, where the judgment is void—but few opinions define the circumstances which produce such a judgment.

We accept the view expressed in the Broadus case above that when a person is mentally incompetent at the time of arraignment and sentence, any judgment entered is void, and that the writ will lie in order to correct such a wrong.

The same lack of mental capacity which denied to petitioner the faculty to plead properly to the indictment also made him incapable of recognizing error, feeling aggrieved and prosecuting an appeal to correct it. If he did not have the capacity to plead to the indictment he also lacked the capacity to protect himself by appealing to this Court.

The law of this Commonwealth is more certain in regard to the protection of insane persons than is that of the federal jurisdiction because there it is necessary to draw from the strength of the common law to sustain the premise that a mentally incompetent person should not be permitted to plead to an indictment, (see Youtsey v. U. S., 6 Cir., 97 F. 937) while § 156 of our Criminal Code of Practice delineates ac-

tions which are obligatory after it is brought to the Court's attention that the accused is suffering from a mental disorder.

We are of opinion that the trial court was correct in granting the writ of habeas corpus to appellee, Edgar Morrow, and the judgment is therefore affirmed.