**Ralph Louis BARNES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 10, 1965.

Ralph Louis Barnes, pro se.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is an appeal from an order overruling, without a hearing, appellant's motion to vacate a judgment under RCr 11.42.

Appellant was convicted on several counts of armed robbery and sentenced to serve seven years on each count after a plea of guilty. The gist of his motion to vacate the judgment is that at the time the alleged crimes were committed and at the time of trial, appellant was insane and the attorney representing him knew the facts upon which such a claim and a defense could have been interposed. Documentary evidence which would tend to support this claim was filed with the motion. The charge is made that appellant was not adequately represented by counsel because he was unable to cooperate with counsel and his mental condition was not brought to the attention of the trial court.

We think petitioner's allegations go beyond that of asserting his lawyer failed to represent him in the best possible manner. If actually insane at the time of his trial, he cannot be held responsible for his plea of guilty or for his counsel's mistakes (if any). See Commonwealth v. Strickland, Ky., 375 S.W.2d 701.

Under the unusual circumstances set forth in appellant's petition, we are convinced that he was entitled to a hear-

ing under RCr 11.42. This of course does not reflect any opinion as to the merits of his claim.

The order overruling appellant's motion to vacate the judgment of conviction is reversed with directions to the trial court to grant appellant a hearing and otherwise proceed as provided in RCr 11.42.