**Woodruff HEARON, Appellant,**

v.

**John W. WINGO, Warden Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Feb. 10, 1967.

Woodruff Hearon, pro se.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is a habeas corpus proceeding brought by appellant, who was convicted of assault with a deadly weapon, against the warden of the Kentucky State Penitentiary. His petition in the Lyon Circuit Court was dismissed. We have before us a most inadequate record, but it raises a question which we believe merits a brief opinion.

Appellant's sole claim is that he was insane *at the time of his trial*. Appellant relies on Thomas v. Morrow, Ky., 361 S.W.2d 105, wherein we expressed the view that if a person is incompetent "at the time of arraignment and sentence", the judgment entered on conviction is void and a habeas corpus proceeding affords the proper remedy. This case was decided prior to the effective date of our Rules of Criminal Procedure (January 1, 1963) wherein RCr 11.42 created a new and more practical postconviction remedy.

In Commonwealth v. Strickland, Ky., 375 S.W.2d 701, Barnes v. Commonwealth, Ky., 397 S.W.2d 44, and McElwain v. Commonwealth, Ky., 400 S.W.2d 212, we recognized that an RCr 11.42 motion is the proper proceeding to attack a judgment of conviction when the prisoner claims that he was insane at the time of his trial. In Ayers v. Davis, Ky., 377 S.W.2d 154, we held that habeas corpus could not be invoked if the prisoner had an adequate remedy under RCr 11.42.

In Conners v. Commonwealth, Ky., 400 S.W.2d 519, we held that RCr 11.42 relief was not available on the ground that "the defendant was insane". The

principal contention of the movant in that case was that he was insane *at the time the crime was committed.* Such a claim constitutes a defense which must be presented at the trial, and it is not a ground for vacating a judgment under RCr 11.42. However, insanity *at the time of trial* presents an entirely different question, affecting the prisoner's constitutional rights, and the only proper postconviction remedy, if any, is an RCr 11.42 proceeding.

Thomas v. Morrow, Ky., 361 S.W.2d 105, is no longer authoritative on the question presented. This habeas corpus proceedings was properly dismissed.

The judgment is affirmed.

WILLIAMS, PALMORE, HILL, MILLIKEN, STEINFELD and OSBORNE, JJ., concur.