**Daniel Henry BARNES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 6, 1970.

Rehearing Denied June 26, 1970.

---

Norman E. Harned, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

The question presented by this appeal is whether the Warren Circuit Court properly overruled, without a hearing, appellant's motion to vacate the judgment sentencing him to the state penitentiary.

Appellant is serving a twenty-one-year sentence pursuant to his conviction of armed assault with intent to rob. KRS 433.150. No appeal was taken. Approximately one year later he filed a motion to vacate the judgment under RCr 11.42. He alleged that his incarceration was unlawful because:

"1. The authorities of Warren County failed to inform petitioner of his constitutional rights prior to interrogation;

"2. Petitioner was unable to assist in the preparation of his defense due to the fact of severe pain and the effects of narcotic drugs administered by the Warren County officials;

"3. Petitioner was forced into trial without proper time being allowed for the preparation of a defense;

"4. Petitioner was denied effective assistance of counsel."

He alleged that he was indigent; he asked that counsel be appointed to represent him and that he be allowed to be present at the hearing of his motion.

In furtherance of his motion appellant stated that while he was confined in the local jail awaiting trial he was treated for gunshot wounds he had sustained immediately prior to his arrest and was "unable to assist in the preparation of his defense due to * * * severe pain and the effects of narcotic drugs administered by the Warren County officials." He stated that "* * * they [police] did * * * keep him drugged and practically incoherent during his incarceration prior to trial. By reason of his drugged state, he could not coherently assist in the formulation of a defense * * *."

Appellant stated that he had talked to his court-appointed counsel for about five minutes the day counsel was appointed to defend him and that he did not see his counsel again until the day of the trial. He stated further that his motion for continuance was overruled and that he was forced into trial without having sufficient time for the preparation of his defense.

Appellant supported his motion to vacate his conviction with the affidavits of inmates who were confined with appellant in the jail prior to his trial. In these supporting affidavits it was stated that appellant was suffering from gunshot wounds while confined in the jail and that affiants saw jail officials give appellant capsules three times a day as part of the treatment of his condition. The affidavits tend to support appellant's claim that he was unfit to stand trial and also tend to support his claim that he had not been given enough time to recover from his injuries so that he could properly assist in his own defense.

The Commonwealth's attorney filed a response denying all of appellant's allega-

tions but did not offer any evidentiary material.

The Warren Circuit Court, without a hearing, summarily overruled appellant's motion. However, the court appointed counsel to assist appellant in the preparation of this appeal.

At the time appellant's 11.42 motion was overruled a material issue of fact existed under grounds two and three of appellant's motion, as supplemented by affidavits, concerning whether appellant was deprived of his constitutional right to obtain a fair trial. See Hearon v. Wingo, Ky., 411 S.W.2d 461; Broadus v. Lowry, 6 Cir., 245 F.2d 304 and Youtsey v. United States, 6 Cir., 97 F. 937. Hence, the allegations contained in grounds two and three are sufficient, if found to be true upon an evidentiary hearing, to invalidate appellant's conviction. Consequently, in order to satisfy the constitutional requirements of due process, we are required to direct the circuit court to hold an evidentiary hearing and thereafter make appropriate findings as required by RCr 11.42, concerning whether appellant's grounds (two and three) are meritorious. Schroader v. Thomas, Ky., 387 S.W. 2d 312; also, cf. Maye v. Commonwealth, Ky., 386 S.W.2d 731 and Stinnett v. Commonwealth, Ky., 446 S.W.2d 292.

When appellant's 11.42 motion is redocketed for trial on its merits in the Warren Circuit Court, the court will appoint counsel to defend him if it appears he is financially unable to hire counsel.

The judgment is reversed with directions to grant appellant a hearing upon the merits of the claims presented by grounds two and three of his 11.42 motion and for proceedings in accordance with this opinion.

EDWARD P. HILL, C. J., and MILLIKEN, PALMORE, STEINFELD, REED and NEIKIRK, JJ., concur.