[No. 44152. En Banc. January 6, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN MELVIN COVILLE, *Petitioner.*

Richard Emery, Barbara Jo Levy, Linda Potter, Allen M. Ressler, and Adam Kline, for petitioner.

Donald Herron, Prosecuting Attorney, and Joseph D. Mladinov, Special Counsel, for respondent.

HOROWITZ, J.—The issue here is whether the trial court erred in refusing to vacate a judgment of acquittal obtained on defendant's behalf by his court appointed attorney, but in violation of RCW 10.77.050 and .090. The Court of Appeals, Division Two, affirmed the trial court's order denying the motion. *Superior Court v. Coville,* 14 Wn. App. 869, 545 P.2d 1243 (1976). We granted review to consider the issues raised; we now affirm.

The facts are set forth in some detail in the opinion of the Court of Appeals. In order to determine the disposition of the issues raised it is useful to first state the sequence of events pertinent to that disposition.

Defendant John M. Coville was charged on April 19, 1974, with the crime of carnal knowledge (RCW 9.79.020), a felony. Later that day the Superior Court appointed an attorney for defendant and the latter was then arraigned and pleaded not guilty to the charge.

On April 25, 1974, the trial court sent defendant to Western State Hospital for a 10-day competency examination. The hospital later reported defendant was not competent to stand trial. On June 13 and 14, 1974, defendant's attorney filed a motion to dismiss because defendant was incompetent.

He claimed defendant could not remember any of the events constituting the alleged crime, was severely retarded, and thus could not assist in his own defense.

On June 24, 1974, the information was amended to change the crime charged to indecent liberties. RCW 9.79-.080—a gross misdemeanor. The next day, defense counsel pursuant to RCW 10.77.080 moved for an acquittal of the amended charge on the ground of insanity. Following the trial of the insanity issue raised by the motion, the court by an order filed July 17, 1974, found defendant (1) incompetent to stand trial and (2) not guilty by reason of insanity although there was no finding defendant actually committed the crime charged.[1] The court further found defendant was not safe to be at large and therefore committed him to the Rainier State School at Buckley until safe to be at large and until court order. RCW 10.77.110.

Defendant's attorney withdrew as defendant's counsel on June 5, 1975. Four days later an attorney of the Mental Health Retardation Legal Services Project filed a motion to vacate the judgment of acquittal by reason of insanity. The trial court denied the motion by order dated September 17, 1975. Subsequently the new attorney, on behalf of defendant, petitioned the Court of Appeals, Division Two, for a writ of certiorari which was denied for reasons stated in its opinion. We granted defendant's attorney's petition for review of the decision of the Court of Appeals.

Two issues arise. First, whether defendant may be tried and acquitted by reason of insanity pursuant to a motion by his court appointed attorney under RCW 10.77.080 when he is incompetent to stand trial; and second, whether the trial court thereafter should grant a motion to set aside the judgment of acquittal by reason of insanity to the end

---

[1]The court's "Order Finding Defendant Not Guilty and Order of Commitment," found:

The Court finds that the defendant JOHN MELVIN COVILLE, has the mental capacity of a child, age approximately five to six years. *The Court* further *finds* that the said *defendant does now lack the capacity to understand the proceedings against him and to assist in his own defense* as a result of mental disease or defect; and the Court further finds that *on April 18, 1974, the defendant* lacked the capacity to know or appreciate the nature and consequences of his conduct and further, *failed to know or appreciate the criminality of his conduct.* . . . (Italics ours.)

that defendant may obtain treatment appropriate to his condition of incompetency. We consider these issues in the order stated.

When defendant's court appointed attorney moved for judgment of acquittal under RCW 10.77.080 the Western State Hospital's report showed defendant was incompetent to stand trial. Later defendant's attorney, pursuant to RCW 10.77.070, obtained the appointment of a psychiatrist for further examination of defendant. Following receipt of the psychiatrist's report, defendant's attorney successfully moved pursuant to RCW 10.77.080 for judgment of acquittal of the charge of indecent liberties on grounds of insanity.

The record does not show that (1) defendant ever understandingly consented to the filing of the RCW 10.77-.080 motion; or (2) defendant knew that, as an incompetent, he could not be tried, convicted, or sentenced for the commission of an offense so long as such incapacity continues." (RCW 10.77.050; RCW 10.77.010(6)); or (3) that under RCW 10.77.090 the criminal proceedings against him could be stayed until he has "regained the competency necessary to understand the proceedings against him and assist in his own defense"; or that (4) defendant knew of the difference in treatment available to an incompetent as distinguished from a criminally insane defendant as bearing on his willingness to obtain acquittal on grounds of insanity.

The rights of an incompetent are set forth in RCW 10.77.090; RCW 10.77.210 (treatment). That statute provides ultimately for possible dismissal of the charges and either institution of civil commitment proceedings or release. The actual treatment of one acquitted on grounds of insanity (governed by RCW 10.77.110) may be inappropriate for an incompetent.

■ *State v. Walker*, 13 Wn. App. 545, 555, 536 P.2d 657 (1975) states "[i]nherent within this determination that an accused is or is not competent to stand trial is a tacit finding that the accused can or cannot rationally enter . . . a plea of not guilty by reason of insanity." The trial of the

insanity issue under RCW 10.77.080 proceeded nevertheless. No guardian or guardian ad litem, or general guardian was appointed for defendant to recommend to the court whether or not defendant should or could give his consent to the filing of the motion. A guardian could have called the court's attention to RCW 10.77.050 and RCW 10.77.090 and the significance of these statutes on the question of the court's power to try the insanity issue under the RCW 10.77.080 motion. Neither such a guardian nor defendant's attorney had the power to waive defendant's rights under RCW 10.77.050. *See Ellingburg v. Lockhart*, 397 F. Supp. 771 (E.D. Ark. 1975); *Barnes v. Commonwealth*, 397 S.W.2d 44 (Ky. 1965); *In re Houts*, 7 Wn. App. 476, 499 P.2d 1276 (1972). The trial court made no finding that defendant waived his RCW 10.77.050 and RCW 10.77.090 or other rights.

Following the trial on the RCW 10.77.080 motion in which psychiatrists' testimony was received, the court found defendant not guilty by reason of insanity and at the same time found him incompetent to stand trial. The indecent liberties charge was then dismissed. Although the court found defendant had a mental age of five or six, he committed defendant to Rainier State Hospital for treatment because he was found unsafe to be at large. RCW 10.77.110; RCW 10.77.120. The court order, however, stated defendant's condition is such that "a less restrictive treatment would be required to care for defendant than might otherwise be the case."

The treatment received by defendant subsequent to the entry of the court's order was inappropriate to his condition. By later order, the chief judge of the Court of Appeals, Division Two, on January 23, 1976, ordered defendant transferred to less restrictive treatment at Victoria Village, Stanwood, Washington. Since then defendant has been ordered returned to the Rainier State School at Buckley because Victoria Village was unable to obtain other placement of defendant elsewhere for appropriate treatment.

The decision of defendant's first attorney to file a motion under RCW 10.77.080 was undoubtedly well motivated as being in the best interests of the defendant. However, it was for defendant himself to choose whether he should waive the benefit of RCW 10.77.050 and RCW 10.77.090 and risk not receiving treatment for his condition as incompetent as distinguished from treatment available to one adjudged not guilty by reason of insanity. In view of defendant's actual mental age, it is unlikely he understood the meaning, significance, or consequences of the RCW 10.77.080 motion taken for him and it is unlikely he was competent to waive his RCW 10.77.050 and RCW 10.77.090 rights. See footnote 1. Defendant did not waive those rights. *See Superior Court v. Coville,* 14 Wn. App. 869, 873, 545 P.2d 1243 (1976).

We now discuss the court's authority to later vacate the judgment of acquittal on motion of defendant's new attorney. Defendant's new attorney was not appointed by the court. He was connected with the Mental Health Retardation Legal Service Project and furnished defendant with legal services to assist him. It is highly doubtful, because of defendant's mental retardation, that defendant understood just why a new attorney was representing him.

We do not doubt the good faith and good intentions of defendant's new attorney when he filed a motion to set aside the judgment of acquittal by reason of insanity. The record does not show, however, defendant understood the reason for the motion or the risk entailed of his losing the benefit of a plea of former jeopardy in the event of later trial on the charge of indecent liberties. *See Green v. United States,* 355 U.S. 184, 2 L. Ed. 2d 199, 78 S. Ct. 221, 61 A.L.R.2d 1119 (1957). Again, no guardian, guardian ad litem or general guardian was appointed to make recommendations to the court on defendant's behalf concerning the legality, propriety, or need of the motion to vacate or indeed the authority in fact of the new attorney to make the motion filed or to seek the relief he sought.

The trial court denied the motion. The Court of Appeals affirmed, stating "[w]e hold that during Mr. Coville's continuing incompetency no court can deprive him of the rights acquired by reason of his acquittal." *Superior Court v. Coville, supra* at 875. We affirm the decision of the Court of Appeals upholding the trial court's order of denial.

It would be very unfortunate, however, if as a result of the affirmance, defendant continued to be indefinitely deprived of treatment appropriate to his condition. The record does not show whether or to what extent the resources of the Department of Social and Health Services have been utilized to obtain appropriate treatment.

The Department undoubtedly has accumulated much experience in the area of treatment. RCW 10.77.090 under certain circumstances imposes upon the Secretary of the Department of Social and Health Services, or his designee, the duty to place a defendant, adjudged incompetent to stand trial, in an appropriate facility of the department for evaluation and treatment. Furthermore, if a person is acquitted by reason of insanity and is committed involuntarily, the Secretary must provide adequate care and individualized treatment at one of the several state institutions or facilities under his direction and control wherein persons committed may be confined. RCW 10.77.110 and .120. Moreover, RCW 10.77.210 provides that "[a]ny person involuntarily detained, hospitalized, or committed pursuant to the provisions of this chapter shall have the right to adequate care and individualized treatment." RCW 10.77-.110 provides that if a defendant acquitted by reason of insanity is found to be a substantial danger to himself or others and in need of control by the court, other persons or institutions "the court shall order his hospitalization, or any appropriate alternative treatment less restrictive than detention in a state mental hospital, pursuant to the terms of this chapter." The Department's expertise, if not heretofore fully used, can undoubtedly prove helpful in determining what facility may be provided for treatment appropriate to defendant's condition.

The trial court, and the Court of Appeals, both recognized that defendant's condition required less restrictive treatment than might otherwise be the case.

Affirmed.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and DOLLIVER, JJ., concur.