## CIRCUIT COURT OF WARREN COUNTY

Jimmy Willard Melvin

   v.

Department of Corrections
and the Attorney General

September 5, 1991

Case No. (Law) 91-00015

By JUDGE JOHN E. WETSEL, JR.

This case came before the Court for consideration of the Petition for Writ of Habeas Corpus dated January 22, 1991, challenging the validity of petitioner's conviction based upon ineffective assistance of his counsel in this case. After careful consideration of the record and the written memoranda filed herein, the Court makes the following [findings and rulings].

### I. *Findings of Fact*

Jimmy W. Melvin was indicted in the Circuit Court of Warren County for possession of marijuana, possession of cocaine, possession of a firearm while in the possession of a controlled substance, distribution of cocaine, and conspiracy to distribute cocaine.

At all times relevant herein, Melvin was represented by J. Casey Struckmann, a lawyer practicing in Front Royal, Virginia, whom he retained to represent him.

A trial was scheduled on July 30, 1990, on the various charges pending against Melvin. Melvin pleaded not guilty to the indictments and waived his right to trial by jury.

Both the Commonwealth and the Court concurred in the waiver, and the case was commenced before the Court without a jury.

During the presentation of the Commonwealth's case, the Commonwealth and Melvin submitted a plea agreement to the Court whereby Melvin agreed to plead guilty to possession of cocaine and distribution of cocaine, and the Commonwealth agreed to dismiss the remaining charges.

The guilty plea was accepted by the Court, and after a summary of the evidence, the trial Court found Melvin guilty of the two charges. A presentence report was requested, and following the sentencing hearing on September 5, 1990, the Court imposed the following sentence on Melvin:

a. For possession of cocaine, Melvin was sentenced to one year in the penitentiary (Case R90F00145).

b. On the conviction of distribution of cocaine, Melvin was sentenced to five years in the penitentiary and fined four hundred dollars (Case R90F00143).

These sentences ran consecutively, so that Melvin's net term of imprisonment is six years.

Melvin was arrested in the early morning hours of June 9, 1989, following the execution of a search warrant on his house trailer.

The search warrant in question was obtained by Special Agent C. S. Voskamp of the Virginia State Police on June 9, 1989, for the search of Melvin's trailer. The material facts set forth in the affidavit by Voskamp to support the probable cause for the search of Melvin's trailer were as follows:

> On 6/8/89 C. S. Voskamp observed Robert Elkman (sic) purchase one ounce of cocaine from Richard Michael Griffith. The cocaine tested positive in a field test for cocaine. Richard Griffith was subsequently arrested and then advised C. S. Voskamp he had purchased the cocaine from James Melvin at the Wines trailer court. After purchasing the cocaine, Richard Griffith returned to Robert Elkman to complete the transaction that also involved sixteen hundred dollars Elkman gave to Griffith earlier.

The defense filed a motion to suppress the evidence taken from Melvin's trailer pursuant to the execution of the search warrant on June 9, 1989. The motion to suppress was heard on May 31, 1990, and the Court denied the motion to suppress stating that not only did the "good faith" exception validate the agents' actions in the search but that also probable cause for this search existed.

On July 13, 1990, the Commonwealth hand delivered to defense counsel certain exculpatory evidence in the form of a statement made by a co-defendant, who was arrested on June 8, 1990, making a sale of cocaine to an undercover officer. The Commonwealth advised defense counsel on July 13, 1990, that Griffith told Investigator Phil Breeden on the night Griffith was arrested that:

> [H]e purchased it (the cocaine) from a black male subject with whom he (Griffith) previously had worked. . . [H]e met the guy at a railway overpass on Route 55 east of Front Royal on the same day we arrested him.

Following receipt of this information, on July 27, 1990, defense counsel filed a motion to dismiss the pending cases because of the Commonwealth's concealment of exculpatory evidence. This motion was argued and denied on July 30, 1990.

In his affidavit defense counsel stated that the defense also renewed its previous suppression motion based upon the allegedly exculpatory information on July 30, 1990; however, the record is unclear on this point.

Richard Michael Griffith's subsequent testimony at petitioner's trial was substantially in accordance with the statement made by agent Voskamp in his affidavit in support of the search warrant for Melvin's trailer.

In the pending Petition for Writ of Habeas Corpus, petitioner claims that he was deprived of effective assistance of counsel because after receiving the exculpatory information from the Commonwealth, trial counsel failed to renew and argue a motion to suppress evidence and statements resulting from the execution of the search warrant of Melvin's trailer on June 9, 1989.

The thrust of petitioner's argument is that Voskamp deliberately omitted from his affidavit Griffith's statement

to Investigator Breeden that he, Griffith, purchased the cocaine from a black male subject with whom he had previously worked and that this information was inconsistent with probable cause because Melvin is white and that this information afforded defense counsel the opportunity to argue to the Court that the intentional omission of information from the affidavit was grounds for the Court to suppress the fruits of the search because of bad faith and fraud committed by Voskamp. The record shows that these additional exculpatory facts were argued by defense counsel just prior to the trial on July 30, 1990, and the trial court denied the motion to dismiss.

Petitioner's defense counsel, J. Casey Struckmann, Esq., is an attorney duly licensed to practice in Virginia. He had been an Assistant Commonwealth's Attorney in Warren County, Virginia, and has been engaged in the active practice of criminal law in Warren County, Virginia, since 1980.

## II. *Conclusions of Law*

There is a presumption that counsel effectively has properly performed his services in the defense of the petitioner. *Brown v. Smyth*, 271 F.2d 227 (4th Cir. 1959); and the burden of proving ineffective assistance of counsel is upon the petitioner. *Slayton v. Weinberger*, 213 Va. 690, 194 S.E.2d 703 (1973). This claim must be proven by a preponderance of the evidence. *Stokes v. Warden, Powhatan Correctional Unit*, 226 Va. 111, 306 S.E.2d 882 (1983).

The record in this cause presents ample evidence upon which to evaluate trial counsel's performance against the standard of review for ineffective assistance claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

As noted by petitioner in his memorandum in response to the respondents' motion to dismiss, the Supreme Court of the United States has held that police officers who apply for a search warrant are not required to provide the magistrate with all the information in their possession. *United States v. Liberti*, 616 F.2d 34 (2nd Cir. 1980), *cert. denied*, 466 U.S. 1952 (1980). In *United States v. Colkley*, 899 F.2d 297 (4th Cir. 1990), the affiant for an arrest warrant failed to include exculpatory evidence

of witnesses' failure to identify a photograph of the defendant in a photographic array, and the Fourth Circuit Court of Appeals held that this did not vitiate the arrest warrant. In its ruling, the Court of Appeals noted that it was not required "to import the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), into the warrant application process." *Id.* at 302. After considerable discussion on this point, the Fourth Circuit Court of Appeals noted at 303:

> In short, a rule requiring affiants to disclose all potentially exculpatory information has nothing to recommend it. Unless the defendant makes a strong preliminary showing that the affiant excluded critical information from the affidavit with the intent to mislead the magistrate, the fourth amendment provides no basis for a subsequent attack on the affidavit's integrity.

The Virginia Court of Appeals has recently approved a trial court's ruling upholding the execution of a search warrant resulting in cocaine being discovered in the defendant's home noting that "[e]ven were the Court to assume, without deciding, that the affidavit [sic] knowingly, intentionally or in reckless disregard of the truth, omitted certain facts from the affidavit, those omissions were not necessary to sustain a finding of probable cause." *Neustadter v. Commonwealth*, 12 Va. App. 273 (1991), (relying on *United States v. Paradis*, 802 F.2d 553 (1st Cir. 1986).

The omission of the alleged exculpatory evidence does not vitiate the warrant. The United States Supreme Court held in *Franks v. Delaware*, 438 U.S. 154, 171, 57 L. Ed. 2d 667 (1978).

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be

supported by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.

Viewing the case most favorably to the petitioner, there remains sufficient substance in the Voskamp affidavit to support a finding of probable cause. The Petitioner does not claim that the facts set forth in the Voskamp affidavit were false, but rather that the exculpatory information should also have been included.

No evidentiary hearing is required in this case. Va. Code Ann. § 8.01-654(B)(4). There is no evidence in the record, nor is there even an allegation that the informant did not advise the affiant Voskamp of the information as represented in the affidavit. The evidence produced at the trial corroborated the facts set forth in the challenged affidavit.

The facts in this case show that the information set forth in the June 9, 1989, affidavit in support of the search warrant was truthful in the sense that each fact recited in the warrant was substantially correct and based upon the personal knowledge of the affiant. Therefore, there would be no basis upon which to suppress the evidence even considering the allegedly exculpatory statement. *Lanier v. Commonwealth of Virginia*, 10 Va. App. 541 (1990).

Trial counsel made a permissible tactical judgment in this case with respect to the decision to permit Melvin to plead guilty after the trial court had again denied the motion to dismiss. The record shows that the alleged exculpatory information was brought promptly to the attention of the trial court on July 30, 1990, incident to the Court's ruling on the renewed motion to dismiss, and this did not alter the Court's decision. After the motion to dismiss was denied, the defendant then made a free and voluntary decision to plead guilty.

Had the motion to suppress been renewed after the receipt of the allegedly exculpatory information from the Commonwealth on July 13, 1990, the motion would have been properly denied by the trial court. Any theoretical shortcoming of defense counsel's part in not vigorously

pursuing this point does not rise to the level of failure to act "within the range of competence demanded of attorneys in criminal cases." *Marzullo v. Maryland*, 561 F.2d 540, 544 (4th Cir. 1977), *cert. denied*, 435 U.S. 1011. This is not improper action or omission "so flagrant that it resulted from neglect or ignorance rather than informed, professional deliberation." *Tolliver v. U.S.*, 563 F.2d 1117, 1121 (4th Cir. 1977).

### III. *Decision*

For the foregoing reasons, the Court is of the opinion that the petition is without merit and is therefore to be dismissed, and that the Commonwealth recover from the petitioner all unpaid fees and costs incurred in this cause, which are to be taxed by the clerk.