**Jeffrey Dwayne HARDIN,**
**Petitioner–Appellant,**

v.

**Larry CHANDLER, Warden,**
**Respondent–Appellee.**

No. 01–5672.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2002.

Before GUY and CLAY, Circuit Judges; NUGENT, District Judge.*

## ORDER

Jeffrey Dwayne Hardin, a Kentucky prisoner proceeding pro se, appeals a dis-trict court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 25, 1994, Hardin entered a plea of guilty to two counts of sodomy pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Hardin was sentenced to serve twenty years of imprisonment for each count, to run consecutively. Hardin did not appeal his convictions and sentences.

On September 10, 1996, Hardin filed a post-conviction motion for relief from judg-ment pursuant to Kentucky Rule of Crimi-nal Procedure 11.42. The trial court dis-missed Hardin's motion on September 24, 1996, because the motion was not verified and did not specify the grounds upon which Hardin challenged his sentence, as required by Criminal Rule 11.42. The Kentucky Court of Appeals affirmed the trial court's judgment, finding that, al-though Hardin did specify the facts and grounds upon which he sought relief, he failed to verify his motion in violation of Criminal Rule 11.42(2). Hardin's petition for rehearing was subsequently denied. The Kentucky Supreme Court denied dis-cretionary review on November 10, 1999.

On April 14, 2000, Hardin filed the in-stant petition for a writ of habeas corpus, asserting eight grounds for relief. A mag-istrate judge filed a report recommending dismissal of the petition as barred by pro-cedural default. Over Hardin's objections, the district court accepted the magistrate judge's report and recommendation, dis-missed Hardin's habeas corpus petition,

---

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

and granted a certificate of appealability with respect to the procedural default issue. Hardin has filed a timely appeal.

■ We review de novo the district court's disposition of a habeas corpus petition. *Payton v. Brigano*, 256 F.3d 405, 407–08 (6th Cir.2001); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000).

■ When a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir.2001).

■ Upon review, we conclude that Hardin's asserted grounds for relief have been procedurally defaulted. *See Lott*, 261 F.3d at 601–02. First, Criminal Rule 11.42 is applicable to Hardin's claims and Hardin failed to comply with that rule. Second, the state courts actually enforced the provisions of Criminal Rule 11.42. Third, Criminal Rule 11.42 is an "adequate and independent" state ground on which the state can rely to foreclose review of Hardin's claims. Fourth, Hardin failed to demonstrate cause and prejudice to excuse his failure to follow the provisions of Criminal Rule 11.42. In addition, Hardin did not supplement his claims of constitutional error with a colorable showing of actual innocence so as to demonstrate a fundamental miscarriage of justice which would permit review of his defaulted claims even though cause and prejudice have not been established. *See McCleskey v. Zant*, 499 U.S. 467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ There is no evidence that Criminal Rule 11.42 was not firmly established and regularly followed when Hardin filed his post-conviction motion in 1996. Criminal Rule 11.42 was enacted in 1962 and became effective on January 1, 1963. *Hearon v. Wingo*, 411 S.W.2d 461, 461 (Ky. 1967). Thus, Criminal Rule 11.42 was firmly established when Hardin filed his post-conviction motion. Although case law on the topic is scarce, the dicta from two published cases indicates that the provisions of Criminal Rule 11.42 were regularly followed at the time Hardin filed his motion. *See Stanford v. Commonwealth*, 854 S.W.2d 742, 748 (Ky. 1993); *Brooks v. Commonwealth*, 447 S.W.2d 614, 618 (Ky.1969). In the absence of evidence to the contrary, the language of Rule 11.42 itself, coupled with the available case law discussing, albeit in dicta, the verification requirement of Criminal Rule 11.42, indicates that Criminal Rule 11.42 was regularly followed. Thus, Criminal Rule 11.42 is an adequate and independent state ground upon which the state courts can rely to refuse to consider the merits of Hardin's post-conviction motion. Even though Hardin is a pro se litigant, he is not entitled to special consideration under the circumstances of this case. While pro se litigants are afforded considerable latitude in framing and asserting complex legal issues, "there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.